IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
|     Plaintiff | : | Civil Action 2:13-cv-01048 |
| v. | : | Judge Smith |
| Real Property 10338 Marcy Road Northwest, Canal Winchester, Ohio, | : | Magistrate Judge Abel |
| | : | |
|     Defendant | | |

ORDER

This matter is before the Magistrate Judge on claimant Levi Winston's December 5, 2014 motion to compel plaintiff, the United States of America, to answer interrogatories (doc. 28).

On October 20, 2014, claimant forwarded his first set of interrogatories to the plaintiff. The United States objected to answering the interrogatories asserting that they were not timely served. Claimant acknowledges that he did not serve the interrogatories 30 days prior to the October 31, 2014, the deadline for completing discovery.  Claimant seeks a 60 day extension for the production of discovery. Claimant maintains that he made a good faith attempt to resolve this dispute before filing his motion, but plaintiff failed to respond to his informal efforts to resolve this matter.

In response, plaintiff argues that claimant's motion should be denied because the interrogatories were untimely and that the United States has responded to Winston's

discovery requests. Plaintiff notes, however, that even if claimant's request had been timely, the United States would have objected to most, if not all, of the requests because the information was either already available to him, not relevant, privileged, or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the United States provided Winston with copies of documents that it believed were responsive to his discovery requests and not otherwise objectionable.

Claimant argues that plaintiff failed to respond to his interrogatories, which he maintains are neither overly broad or unduly burdensome.

Discussion. The February 24, 2014 Scheduling Order set October 31, 2014 as the deadline for completing all discovery. Plaintiff did not serve his discovery requests until October 24, 2014. Under Rules 33 and 34 of the Federal Rules of Civil Procedure, the United States had 30 days in which to respond to claimant's requests. The deadline for completing discovery passed prior to the 30-day period. As a result, plaintiff's requests were not timely.

Plaintiff did not seek an extension of the deadline for completing discovery until after it had passed. Under Rule 16(b)(4) the case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Other than the fact that he is proceeding *pro se*, plaintiff has not provided any reasons demonstrating good cause for modification of the schedule. The United States filed its motion for summary judgment, which is now fully briefed and awaiting decision. Because plaintiff has not

shown good cause for his failure to serve his discovery requests in a timely manner, his motion to compel is DENIED.

Conclusion. For the reasons stated above, claimant Levi Winston's December 5, 2014 motion to compel plaintiff, the United States of America, to answer interrogatories (doc. 28) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                        s/Mark R. Abel
                                        United States Magistrate Judge