UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                               **Case No. 2:13-cv-1048**
                                       **JUDGE SMITH**
                                       **Magistrate Judge Deavers**

**10338 MARCY ROAD NORTHWEST,**
**CANAL WINCHESTER, OHIO 43110**

       Defendant.

## <u>OPINION AND ORDER</u>

     This matter is before the Court upon Plaintiff United States of America's Motion for Summary Judgment (Doc. 27). Claimant Levi Winston filed a Response in Opposition (Doc. 29) to which Plaintiff has replied (Doc. 31). Accordingly, the issues before the Court are fully briefed and ripe for review. For the reasons that follow, Plaintiff's motion is **GRANTED.**

## I.     BACKGROUND

     This case is an *in rem* forfeiture proceeding against the Defendant Real Property known as 10338 Marcy Road Northwest, Canal Winchester, Ohio 43110 ("Marcy Road property"). Claimant Levi Winston ("Winston") purchased the Marcy Road property from an acquaintance, Robin Adams, in November 2012.[1] (Doc. 27, Ex. A, Marvich Decl. at ¶¶ 12-13). Plaintiff asserts this property was purchased with proceeds derived from Winston's large-scale drug trafficking operation. In response, Winston does not refute that he was involved in a significant drug enterprise at the time the property was purchased, but argues that the Marcy Road property

---

[1] The Court notes that although Winston paid for the property in full, the 10338 Marcy Road property is still deeded in Adams' name. As the owner of record, Adams was issued a Summons for the case at bar on October 25, 2013. (Doc. 2). Adams did not respond and an Entry of Default was entered on January 21, 2014. (Doc. 13).

was purchased with legitimate funds.  He also opposes Plaintiff's motion on evidentiary grounds, asking the Court to exclude the sworn testimony of Special Agent Ryan Marvich because of the inadmissible and prejudicial "hearsay" contained therein.

## II.      STANDARD OF REVIEW

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party.  *Matsushita*, 475 U.S. at 587.  The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-53.  Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).  The Court's

duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (*quoting Liberty Lobby*, 477 U.S. at 257). That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). But the existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252. Otherwise stated, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III.    DISCUSSION

The United States asserts that the Marcy Road property is forfeitable pursuant to 21 U.S.C. § 881(a)(6), the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which provides in relevant part that:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and

> all moneys, negotiable instruments, and securities used or intended
> to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a). Under CAFRA, the burden of proof is on the United States to establish, by a preponderance of the evidence, that the seized property is subject to forfeiture.  *See* 18 U.S.C. § 983(c)(1); *United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003). Thus, to ultimately prevail in this civil forfeiture action, Plaintiff must prove by a preponderance of the evidence that the seized property (1) somehow facilitated the transportation, sale, receipt, possession, or concealment of an illegal controlled substance, or (2) constitutes proceeds derived from Winston's drug trafficking activities.  In this case, Plaintiff does not argue that the Marcy Road property somehow facilitated the transportation, sale, receipt, possession, or concealment of an illegal controlled substance.  Therefore, the only question before the Court is whether the Marcy Road property constitutes proceeds derived from Claimant's drug trafficking and money laundering activities.

When moving forward under this "drug proceeds" theory, Plaintiff is not required to prove a direct or substantial connection between the subject property and a specific drug transaction.  *United States v. $118,170.00 in U.S. Currency*, 69 F. App'x. 714, 717 (6th Cir. 2003).  "Instead, reasonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity." *United States v. Veggacado*, 37 F. App'x. 189, 190 (6th Cir. 2002).  Various circumstances may be taken into account when determining whether property is subject to forfeiture such as the absence of any legitimate employment history, the insufficiency of the claimant's reported income, and the claimant's record of drug activity.  *See U.S. v. Cunningham*, 520 F. App'x. 413, 415 (6th Cir. 2013); *United States v. $174,206.00*, 320 F.3d at 662.  Additionally, the Sixth Circuit has recognized that "evidence of legitimate income that is insufficient to explain the large amount of property seized, unrebutted

4

by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership, satisfies the burden imposed by the statute." *United States v. $174,206.00*, 320 F.3d at 662.

After reviewing the record and the parties' arguments, the Court finds Plaintiff has met its burden demonstrating that no genuine issues of material fact exist as to whether the Marcy Road property was more likely than not purchased with proceeds from Winston's drug trafficking operation. In November 2012, Winston purchased the Marcy Road property for $36,500 in cash over a three month period, including a large lump sum down payment of $14,500, followed by four subsequent cash payments totaling $22,000.[2] (*See* Doc. 1, Ex. 1, Prob. Cause Aff. at ¶¶ 18-23). During this time, Winston took part in a significant drug trafficking operation, valued at over four million dollars. *See United States v. Winston*, No. 2-13-cr-92 (S.D. Ohio Oct. 31, 2013) (Doc. 31 (Sentencing Hearing Transcript)). Specifically, Winston pled guilty to money laundering and conspiring to possess and distribute more than 1,000 kilograms of marijuana from May 2010 to December 31, 2012.[3] (*See id*. at Docs. 14 (Information) and 32 (Plea Hearing Transcript)). Additionally, Winston had previously been convicted of similar drug trafficking activities, and, prior to his release in 2009, had been incarcerated for 240 months. (*See* Doc. 29, Ex. 1, Pretrial Rep.). As a claimant's criminal record "is a highly probative factor in the forfeiture calculus," the Court finds Winston's serious and undisputed illegal activity, especially during the time he purchased the subject property, persuasive. *See United States v. $67,220.00 in U.S. Currency*, 957 F.2d 280, 286 (6th Cir. 1992).

---

[2] As part of the sale Winston also paid $8,291.23 in delinquent property taxes to the Fairfield County Auditor's Office. (Doc. 1, Ex. A, Prob. Cause Aff. at ¶ 20).

[3] Winston is currently serving a sentence of 135 months in prison. (*See id*. at Doc. 31 (Sentencing Hearing Transcript)).

The Court acknowledges the tax records Winston previously filed with the Court, but finds they does not alter the Court's decision.  Winston submitted tax returns showing that he reported legitimate income from "Tek-Collect Incorporated" and his own waste management business, Winston Hauling, from 2009 to 2011.  (*See* Doc. 30, Ex. E, W2 forms; Doc. 33, Tax Transcripts)).  However, the Court has no evidence of Winston earning any legitimate income in 2012, the year during which he bought the subject property.  Nor has Winston provided bank statements or records indicating that he saved enough of his past earnings to legitimately purchase, in large lump sum cash payments, the Marcy Road property. Thus, the Court finds Winston's illegal drug operation is the only plausible source of income, supported by evidence in the record, from which Winston could have purchased the Marcy Road property.

The Court also finds that Winston's evidentiary objections do not help him, as all information pertinent to the Court's decision is supported by (1) evidence submitted by Winston himself and/or (2) Winston's own plea agreement.  Therefore, even without considering the contested portions of Ryan Marvich's affidavit and declaration,[4] the Court finds Plaintiff has still met its burden in showing no genuine issues of material fact exist as to whether Winston more likely than not purchased the Marcy Road property with proceeds from illegal drug activity.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED.**

The Clerk shall **REMOVE** Document 27 from the Court's pending motions list.

The Clerk shall also remove this case from the Court's pending cases list.

---

[4] The only paragraphs from Marvich's Probable Cause Affidavit cited by the Court in this Opinion are not disputed—on either veracity or admissibility grounds—by Winston. (*See* Doc. 22, Answer (stating that Winston does not dispute paragraphs 18 – 23 of the Probable Cause Affidavit).

**IT IS SO ORDERED.**

_/s/ George C. Smith_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**